**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Courtney Solomon McKENZIE,
Defendant—Appellant.**

No. 05–6860.

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 18, 2005.

Decided Oct. 21, 2005.

Courtney Solomon McKenzie, Appellant Pro Se. Benjamin H. White, Jr., Office of the United States Attorney, Greensboro, North Carolina, for Appellee.

Before WIDENER, MICHAEL, and DUNCAN, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Courtney Solomon McKenzie seeks to appeal the district court's order denying relief on his Fed.R.Civ.P. 60(b) motion for reconsideration of the denial of his 28 U.S.C. § 2255 (2000) motion. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473,

---

484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that McKenzie has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe McKenzie's notice of appeal and informal brief on appeal as an application to file a second or successive motion under § 2255. *See United States v. Winestock*, 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. § 2255. McKenzie's claims do not satisfy either of these conditions. Therefore, we decline to authorize a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*